IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IRA LEE DENSON,
      Petitioner,

v.                               Case No.  4:10cv352/MP/CJK

MICHAEL D. CREWS,
      Respondent.
_____

## REPORT AND RECOMMENDATION

Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 6).  Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 16).  Petitioner did not reply, although given the opportunity to do so.  (Docs. 20, 21).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that the amended petition should be dismissed because it is moot and, even if not moot, fails to state a claim upon which federal habeas relief can be granted.

BACKGROUND AND PROCEDURAL HISTORY

On February 2, 2005, petitioner was charged by Information filed in the Circuit

Court for Madison County, Florida, Case No. 05-39, with Aggravated Battery with a Dangerous Weapon (a firearm). (Doc. 16, Ex. D).[1] The State filed a Second Amended Information on June 13, 2005, charging petitioner with Aggravated Battery with a Dangerous Weapon (a firearm) (Count I) and Possession of a Firearm by a Convicted Felon (Count II). (Ex. F).

On April 28, 2005, petitioner was charged by Information filed in the Circuit Court for Madison County, Florida, Case No. 05-98, with Aggravated Battery with a Deadly Weapon (Count I). (Ex. R). The Information was amended on March 2, 2005, to charge petitioner with Aggravated Battery with a Deadly Weapon (Count I) and Possession of a Firearm by a Convicted Felon (Count II). (Ex. S).

Petitioner, represented by counsel, negotiated plea agreements in both cases. (Exs. G, T). Petitioner agreed to resolve the charges in Case No. 05-39 by pleading guilty to Felony Battery (a lesser included offense of Aggravated Battery with a Firearm) in exchange for the State recommending a sentence of eighteen months probation to run concurrent with the term of probation entered in Case No. 05-98. (Ex. G). Petitioner agreed to resolve the charges in Case No. 05-98 by pleading guilty to Improper Exhibition of a Deadly Weapon (a lesser included offense of Aggravated Battery with a Deadly Weapon) in exchange for the State nolle prossing Count II and recommending a sentence of one year probation to run concurrent with the term of probation entered in Case No. 05-39. (Ex. T). On March 6, 2006, the trial judge accepted petitioner's pleas, adjudicated petitioner guilty of Felony Battery and Improper Exhibition of a Deadly Weapon, and sentenced petitioner consistent with the plea agreements. (Exs. G, T). The orders of probation were filed March 17, 2006. (*See* Exs. H, U). The State nolle prossed Count II of Case No. 05-98. (Ex. X).

---

[1] All references to exhibits are to those provided at Doc. 16, unless otherwise noted.

Petitioner did not appeal.  (*See* Exs. A, B).

Less than one month later, on April 11, 2006, an affidavit of violation of probation was filed alleging that petitioner violated Condition 5 of his probation. (Ex. J).  Condition 5 of the probation order provided:  "You will live and remain at liberty without violating any law.  A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your supervision." (Exs. H, U).  The affidavit of violation alleged that petitioner violated Condition 5 by committing a new law violation (the offense of Failure to Sign Citation) when petitioner refused to sign a traffic citation in Madison County, Florida, on April 7, 2006. (Ex. J).  Prior to the violation hearing, petitioner's probation in Case No. 05-39 was modified on May 4, 2006, to include the condition that petitioner pay restitution in the amount of $3,144.09 to Javaughn Cobb.  (Ex. K).

On October 4, 2006, an amended affidavit of violation was filed (exs. L, Y), and on February 1, 2007, a second amended affidavit of violation was filed alleging not only the violation for failing to sign a citation, but also alleging two new violations:  (1) violation of Condition 5 by committing the new law violation of Resisting Officer Without Violence in Jefferson County, Florida, on September 30, 2006, and (2) violation of Condition 10 by failing to make court-ordered payments. (Exs. M, Z).  Petitioner admitted the violations and, on May 17, 2007, the court adjudicated petitioner guilty of violating Condition 5, and sentenced petitioner to concurrent terms of three years probation in Cases 05-39 and 05-98.  (Exs. N, O and AA, BB).  A Corrected Order of Probation was entered on July 13, 2007, sentencing petitioner to three years probation in Case No. 05-39 and to a concurrent one-year term of probation in Case No. 05-98.  (Exs. P, CC).

On October 27, 2007, petitioner was arrested, pursuant to an arrest warrant, for

Aiding and Abetting another person's Aggravated Battery with a Deadly Weapon in Madison County, Florida, on October 27, 2007. (Exs. DD, EE). Petitioner's arrest led the Department of Corrections to file an affidavit of violation of probation alleging that petitioner violated Condition 5 on October 27, 2007, by committing the criminal offense of Aiding and Abetting Aggravated Battery. (Ex. II). Petitioner was formally charged with the offense in Madison County Circuit Court Case No. 07-236. (*See* Ex. FF). On November 27, 2007, an Amended Information was filed in Case No. 07-236, charging petitioner with committing Aggravated Battery with a Deadly Weapon upon Simmie Lott (Count 1) on October 27, 2007, and Aiding and Abetting another person's Aggravated Battery with a Deadly Weapon upon Simmie Lott (Count 2) on October 27, 2007. (Ex. FF). On July 22, 2008, the prosecutor in Case No. 07-236 modified the charge to Battery and transferred the case to the misdemeanor division. (Ex. HH). On January 9, 2008, an affidavit of violation of probation was filed by Tina Demotsis, an investigator with the Madison County Sheriff's Office, asserting that petitioner violated Condition 5 of his probation by committing the criminal offense of Battery and Disorderly Conduct against Simmie Lott on October 27, 2007, in Madison County, Florida. (Ex. KK). Ms. Demotsis' affidavit stated that "as grounds for belief that the offender violated his probation affiant has interviewed witnesses and received sworn statements that show that the offender did engage in a physical altercation with SIMMIE LOTT, in a public place and did unlawfully touch or strike SIMMIE LOTT against his will on OCTOBER 27, 2007." (Ex. KK).

A violation of probation hearing was held on January 16, 2008. (*See* Ex. A). Petitioner was found guilty of violating Condition 5 of his probation in Case No. 05-39. (*Id*.). Petitioner's probation in Case No. 05-39 was revoked and petitioner was

sentenced to five years in prison. (Exs. MM, OO). Petitioner filed a notice of appeal. (*See* Ex. PP). Petitioner's appellate counsel filed an *Anders* brief, asserting that no good faith argument could be made in the appeal. (Ex. QQ). Petitioner filed a *pro se* brief, asserting three issues. (Ex. SS). On October 16, 2009, the Florida First District Court of Appeal ("First DCA") per curiam affirmed without written opinion. (Ex. TT). The mandate issued December 18, 2009. (Ex. WW).

While petitioner's appeal was pending, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, and two motions for clarification. On December 5, 2008, the Madison County Circuit Court dismissed the motions without prejudice due to the pendency of petitioner's appeal and due to petitioner's having filed the motions *pro se* at a time when he was represented by counsel. (*See* Ex. BBB and Attach.).

On August 2, 2008, petitioner filed a state petition for writ of habeas corpus in the Circuit Court for Wakulla County, Florida. (Ex. YY). On May 3, 2009, the Wakulla County Circuit Court issued an "Order Denying Petition for Writ of Habeas Corpus as to Department of Corrections and Order Transferring Petition" to the Madison County Circuit Court. (*See* Ex. AAA ¶ 7). On August 19, 2009, petitioner filed a petition for writ of mandamus in the Circuit Court for Madison County seeking a ruling on his state habeas petition and attaching a copy of the habeas petition. On August 27, 2009, the Madison County Circuit Court noted that petitioner's original state habeas petition was never received by the Madison County Circuit Court, but nonetheless considered the petition and denied relief on state procedural grounds. (Ex. BBB). Petitioner appealed. (Ex. CCC). The appeal was assigned First DCA Case No. 1D09-4830. (*Id*.). The First DCA dismissed the appeal on October 28, 2010, for petitioner's failure to comply with an order requiring him to file a second

amended initial brief. (Ex. HHH).

During the pendency of petitioner's state habeas appeal, petitioner filed a "Petition for Writ of Emergency Habeas Corpus" in the Madison County Circuit Court. (Ex. JJJ). Petitioner raised essentially three claims: (1) that the affidavit of violation of probation filed by Tina Demotsis on January 9, 2008, alleging that petitioner violated Condition 5 by committing the new law offense of Battery and Disorderly Conduct "was illegal, null and void and violate the Petitioner Due Process, F.S. 948.06, F.S. 901.02 and 5th, 14th Amendment Constitution, Federal and State" because Ms. Demotsis was not a probation officer; (2) that petitioner did not violate Condition 5 of his probation because he was never charged or convicted of Battery or Disorderly Conduct; and (3) that the trial court improperly revoked petitioner's probation based on his having committed Battery or Disorderly Conduct, because petitioner was never properly charged with that violation in a valid affidavit or arrest warrant. (Ex. JJJ, pp. 2-3). On March 5, 2010, the state court denied the petition on procedural grounds (Florida's rule that claims collaterally attacking a judgment and sentence must be raised in a motion for postconviction relief filed under Rule 3.850, and cannot be raised in a habeas corpus petition) and, alternatively, on the merits (the affidavit of violation of probation was valid because Florida law authorizes law enforcement officers to file affidavits of violation of probation). (*Id*., pp. 12-13). Petitioner appealed. (*Id*., p. 14). The appeal was assigned First DCA Case No. 1D10-1379. (Ex. KKK). The First DCA summarily affirmed, with the mandate issuing July 28, 2010. (Exs. MMM, NNN).

Petitioner filed his original federal habeas petition in this Court on July 28, 2010. (Doc. 1, p. 1). Petitioner's amended petition was filed on December 8, 2010. (Doc. 6, p. 1). Petitioner's amended petition presents four grounds for relief, all

attacking the January 16, 2008, revocation of his probation. Respondent filed an answer, arguing that federal habeas relief should be denied because none of petitioner's claims present a federal constitutional issue and because petitioner's first and fourth claims are procedurally defaulted. (Doc. 16). After respondent's answer was filed, petitioner's probation revocation sentence expired, and petitioner was unconditionally discharged from custody on February 1, 2013. (Doc. 17; *see also* www.dc.state.fl.us/Inmate Release Information Detail).

## MOOTNESS

Although respondent has not asserted that the amended petition is moot based on the expiration of petitioner's parole revocation sentence, this Court must ensure that it has jurisdiction to consider the petition. *See Jamerson v. Sec'y for Dep't of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005). "[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007). In circumstances essentially identical to those here, the Supreme Court held that a habeas petition challenging the validity of a parole revocation was rendered moot by the expiration of the petitioner's parole revocation sentence during the pendency of the habeas proceeding – the petitioner no longer suffered an injury-in-fact from the revocation necessary to meet Article III's case-or-controversy requirement. *See Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). In *Spencer*, a state prisoner filed a federal habeas petition seeking to invalidate an order revoking his parole on the grounds that he was denied due process in the parole revocation proceeding. During the pendency of the habeas proceeding, Spencer completed his term of imprisonment underlying the parole

revocation, was re-released on parole and, two months after that, the term of his imprisonment expired. The district court dismissed the petition, and the United States Court of Appeals for the Eighth Circuit affirmed, concluding that Spencer's claim had become moot because he suffered no "collateral consequences" of the revocation order. *Id*., 523 U.S. at 5-6, 118 S. Ct. at 982. The Supreme Court agreed that Spencer's challenge to the parole revocation order was moot, explaining:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies [Article III's] case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained. *See, e.g., Carafas, supra*, at 237-238, 88 S.Ct., at 1559-60.

*Id*., 523 U.S. at 7 (*citing Carafas v. LaVallee*, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)). The Court held that although it had been willing to presume the existence of collateral consequences when a petition challenged the validity of a criminal conviction, it would not extend that presumption to a petition challenging the validity of a parole revocation. Instead, when a petitioner attacking the termination of his parole status was released from custody due to the expiration of his parole revocation sentence during the pendency of his habeas proceeding, the petitioner must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement. *Spencer*, 523 U.S. at 14; *see also Lane v. Williams*, 455 U.S. 624, 631, 102 S. Ct. 1322, 1327, 71 L. Ed. 2d 508 (1982) (involving due process challenge to parole term that became moot when petitioner's parole term ended while the case was on appeal to the Sixth

Circuit). The Court rejected Spencer's arguments that there were a number of possible injuries he could suffer in the future on account of the parole revocation, finding that Spencer's asserted injuries were mere possibilities as opposed to certainties. *Spencer*, 523 U.S. at 14-18 (rejecting petitioner's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which he might appear as a witness or a defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement).

Here, petitioner does not attack his conviction for Felony Battery in Case No. 05-39; he asserts only the wrongful termination of his probation status on January 16, 2008. The reincarceration petitioner incurred as a result of that action is now over, and cannot be undone. Subsistence of this suit requires, therefore, that petitioner prove continuing "collateral consequences" of the probation revocation. Petitioner has not identified, and the record does not contain, any facts arguably supporting a finding of a concrete injury-in-fact attributable to petitioner's January 16, 2008, probation revocation. The fact that the revocation *could* be used to petitioner's detriment in a future proceeding is not a concrete injury-in-fact of the kind sufficient to satisfy Article III's case-or-controversy requirement. Because this case no longer presents a case or controversy under Article III, the amended petition should be dismissed as moot.

Even if petitioner were able to prove that collateral consequences adequate to meet Article III's injury-in-act requirement resulted from his January 16, 2008, probation revocation, the amended petition would still be subject to dismissal,

because it fails to state a claim upon which federal habeas relief can be granted.

## FAILURE TO STATE A CLAIM COGNIZABLE
## ON FEDERAL HABEAS REVIEW

Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, — U.S. —, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions."); *Barclay v. Florida*, 463 U.S. 939, 958-59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Ground One        "No Arrest Warrant or No Arrest on the Petitioner for the Charge
                  the Court Violation the Petitioner Probation for." (Doc. 6, p. 4).

Petitioner's first ground for relief asserts that petitioner was denied due process at the violation of probation hearing, when the court found him guilty of violating his probation by committing Battery and Disorderly Conduct without petitioner ever being formally criminally charged with that offense or being the subject of an arrest warrant for that offense. (Doc. 6, p. 4). Petitioner asserts he exhausted this claim by raising it in his Emergency Petition for Writ of Habeas Corpus filed on December 11, 2009. (*Id.*).

Respondent asserts that petitioner's claim is not cognizable on federal habeas review, because petitioner does not complain that he was denied any of the mandated procedural due process protections applicable to probation revocation proceedings. (Doc. 16, pp. 8-9). Respondent further argues that petitioner procedurally defaulted this claim because he failed to present the issue as one of constitutional dimension in his appeal of the denial of his emergency state habeas petition. (*Id.*, pp. 9-12).

The Court need not decide the exhaustion issue, because petitioner's allegations (taken as true) do not plausibly suggest that the revocation of petitioner's probation violated due process. The Due Process Clause undoubtedly imposes some restrictions on the power of states to revoke summarily a probationer's conditional liberty. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). In *Gagnon* and *Morrissey*, the Supreme Court confronted the questions of what procedural safeguards the Constitution requires for, respectively, probation and parole revocation proceedings. The Court set forth the following "minimum requirements of due process":

"(a) written notice of the claimed violations of (probation or) parole; (b)

disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."

*Gagnon*, 411 U.S. at 786, 93 S. Ct. at 1761 (*quoting Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604) (parentheticals inserted by *Gagnon* Court).

Petitioner does not allege that he was denied any of the foregoing constitutional requirements, including fair notice (via the VOP affidavits) of the claimed violations of probation and the basic facts supporting them, as well as a written statement of the factfinder. Instead, petitioner argues that the court could not constitutionally revoke his probation for violating Condition 5 (requiring that he live and remain at liberty without violating any law) in the absence of a formal criminal charge or an arrest warrant for the offense. As due process does not require either or those for a constitutionally valid revocation, Ground One of petitioner's amended petition fails to state a claim for which federal habeas relief can be granted.

Petitioner is not entitled to federal habeas relief on Ground One.

Ground Two            "Trial Court Fundamental Error Violate the Petitioner Probation for New V.O.P. Affidavit was File Jan. 9, 2008 was Illegal, Null or and Void." (Doc. 6, p. 4).

Petitioner alleges in Ground Two that because Madison County Sheriff's Office Investigator Tina Demotsis was not a probation officer, she was not authorized to file a violation of probation affidavit and, consequently, her affidavit was "illegal, null or and void". (Doc. 6, p. 4). Petitioner further argues that "the new V.O.P. Affidavit file Jan. 9, 2008 charges was not on the charging document when the

Petitioner was arrest on Oct. 27, 2007." (*Id*.). Petitioner asserts he exhausted this claim by raising it in his Emergency Petition for Writ of Habeas Corpus. (Doc. 6, p. 5).

Respondent asserts that petitioner's allegations fail to assert a violation of federal law in any way, and therefore fail to raise a claim cognizable on federal habeas review. (Doc. 16, p. 12). Respondent also argues that, as the state court recognized, this claim presents purely a state law issue – the interpretation of Fla. Stat. § 948.06 – and does not implicate federal law or due process concerns. (*Id*.).

As with Ground One, petitioner does not allege that he was denied any of the federal constitutional requirements for a valid revocation of his probation. To the extent petitioner claims that the "notice" he received pursuant to Investigator Demotsis' probation violation affidavit was legally invalid because she was not authorized under Florida law to sign the affidavit, petitioner's claim presents a purely state law issue. An alleged error of state law provides no basis for federal habeas relief. 28 U.S.C. § 2254(a); *Swarthout, supra*; *Estelle, supra*. Even if petitioner's allegation could be the subject of federal habeas review, this Court would be compelled to defer to the state court's interpretation of Florida law and its ruling that Demotsis' affidavit was valid under Florida law. (*See* Ex. JJJ, p. 12 (state court's order denying relief on this claim with the explanation: "Fla. Stat. § 948.06(1)(a) authorizes any law enforcement officer to arrest a probationer upon probable cause that a violation of probation has occurred. Further, Fla. Stat. § 948.06(1)(b) authorizes a trial judge to issue a warrant based upon the affidavit of 'one having knowledge of such facts' that would give rise to a violation of probation. Accordingly, Investigator Demotsis was well within her authority to file the affidavit.")).

Petitioner's Ground Two raises a purely state law issue and does not arguably suggest that petitioner's federal constitutional rights were violated.  Petitioner is not entitled to federal habeas relief on Ground Two.

Ground Three     "The Trial Court Lack of Jurisdiction to Impose the (5) Five Years Sentence in D.O.C. to the Petitioner." (Doc. 6, p. 5).

Petitioner claims the trial court lacked jurisdiction to revoke his probation because Investigator Demotsis' affidavit was "illegal, null or and void", and without a valid VOP affidavit or arrest warrant there was "no cause" for revoking his probation.  (Doc. 6, p. 5).  Petitioner asserts he exhausted this claim by raising it in his Emergency Petition for Writ of Habeas Corpus.  (*Id*.).

Respondent asserts that petitioner fails to state a federal constitutional claim, because a state court's jurisdiction is unquestionably a question of state law that is not properly considered on federal habeas corpus review.  (Doc. 16, p. 13 (citing cases from the Second, Fourth, Sixth and Eighth circuits)).

As with Ground Two, this claim presents a purely state law issue and is not cognizable in a federal habeas proceeding.  A state court's jurisdiction to convict and sentence a defendant is a quintessential state law matter this Court cannot review in a federal collateral proceeding.  *Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998) (concluding that as a federal court, it was bound by state law determination of state court jurisdiction); *Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir.1991) (noting that the adequacy of a criminal information is a question of state law and federal courts "are bound by a state court's conclusion respecting jurisdiction"); *United States ex rel. Roche v. Scully*, 739 F.2d 739, 741 (2d Cir. 1984) (stating that "no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law" (internal quotation marks omitted));  *Estrada v. Sec'y, Dep't Of Corr*., No. 8:12cv758, 2012

WL 1231990, at *1 (M.D. Fla. Apr. 12, 2012) ("A state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review.").

Petitioner fails to point to any provision of the United States Constitution that was allegedly violated. As Ground Three presents a purely state law issue, petitioner is not entitled to federal habeas review of the claim. 28 U.S.C. § 2254(a); *Swarthout, supra*; *Estelle, supra*. Even if petitioner's allegation <u>could</u> be the subject of federal habeas review, this Court would be compelled to defer to the state court's interpretation of Florida law and its ruling that Demotsis' affidavit was valid under Florida law.

<u>Ground Four</u>  <u>"Can the Court Revoke the Petitioner Probation Without Charge Him the Petitioner or Without Arrest Warrant?"</u> (Doc. 6, p. 5).

Petitioner alleges the following in support of this claim:

> The Trial Court revoke the Petitioner Probation without a Arrest or Warrant. Without charge or warrant. Petitioner Probation should have not been violate when the Trial Court did not have a charge or Arrest Warrant for Battery and Disorderly Conduct and was not on the Charging Document Arrest warrant file Oct. 27, 2007 and that what the New VOP Affidavit was file on Battery and Disorderly Conduct on Jan. 9, 2008.

(Doc. 6, p. 5). When asked on the petition form whether he raised this claim in state court, petitioner states, "No" and explains: "Because this is a question I'm ask the U.S. D Court." (*Id.*).

Respondent asserts that to the extent Ground Four merely asks a question, it fails to present a claim cognizable on federal habeas review. Respondent further argues that to the extent petitioner's question presents a claim, it fails to present a federal constitutional claim (because, as discussed earlier, there is no federal constitutional requirement that a probationer be formally criminally charged with, or

issued an arrest warrant for, the conduct giving rise to the claimed violation) and is procedurally defaulted just as Ground One is procedurally defaulted. (Doc. 16, p. 14).

The Court need not reach the exhaustion question, because the question petitioner poses in Ground Four has been addressed in this Court's previous discussion and merits no further explanation. The facts petitioner alleges – that he was neither formally criminally charged with Battery or Disorderly Conduct, nor issued an arrest warrant for that charge – even if true, do not state a plausible due process violation occurring in the probation revocation proceeding. *See Gagnon, supra.* Petitioner's Ground Four provides no basis for federal habeas relief and should be denied.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus (doc. 6), challenging the revocation of petitioner's probation in *State of Florida v. Ira Lee Denson* in the Circuit Court for Madison County, Florida, Case No. 05-39 be DISMISSED, and the Clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of June, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).